UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Amanda M., <br><br> Plaintiff, <br><br> v. <br><br> Kilolo Kijakazi, Acting Commissioner of Social Security, <br><br> Defendant. | Civil No. 3:22-cv-00353-SRU <br><br><br><br><br><br> April 29, 2022 |

**ORDER RE: MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

The plaintiff, Amanda M.,[1] has moved for leave to proceed *in forma pauperis* – in other words, she has asked the Court for permission to start a civil case without paying the customary filing fee. A federal law permits her to do so if, among other things, she submits an affidavit listing her assets and showing that she is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1).

To qualify for *in forma pauperis* status, the plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but she does need to show that "paying such fees would constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007). Put differently, a "sufficient" *in forma pauperis* application is one that demonstrates that the plaintiff "cannot because of [her[ poverty pay or give security for the costs and still be able to provide himself and his dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

---

[1] Pursuant to Chief Judge Underhill's January 8, 2021 Standing Order, the Plaintiff will be referred to solely by first name and last initial. *See* Standing Order Re: Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).

In determining whether a plaintiff's financial circumstances meet these standards, courts consider not only her personal resources, but also the resources of persons who support her. *See, e.g., Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citations omitted); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (table decision). In other words, "[w]here a litigant is supported or assisted by another person, the Court may consider that person's ability to pay the filing fee." *Pierre v. City of Rochester*, No. 16-CV-6428 CJS, 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018).

In this case, the Plaintiff's motion for leave to proceed *in forma pauperis* was accompanied by a financial affidavit stating that she has $656 in monthly obligations, consisting of rent, food, and clothing expenses. (ECF No. 5, at 4.) She has left every other question blank, however, except for indicating that she has no assets and does not receive any income of any kind, including government benefits. As a result, the Court lacks any information on how she supports himself.

Because no one can live on no income and no assets, other courts have held that these sorts of affidavits must be incomplete and, by extension, fail to support *in forma pauperis* status. In *Pierre*, for example, the court denied a motion for leave to proceed *in forma pauperis* when the plaintiff "claim[ed] that he ha[d] no assets and receive[d] no support from a spouse or from any other source," because he "offer[ed] no explanation for how he survives day-to-day or how his monthly expenses are paid." 2018 WL 10072449, at *1. The court added that if the plaintiff indeed had no income of his own, but was relying on another person for support, he was obliged to provide a statement of that person's resources because "a court may consider the resources that

2

the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or next friend." *Id.* (quoting *Fridman*, 195 F. Supp. 2d at 537)).

The Court therefore orders that, by May 13, 2022, the Plaintiff must either (a) pay the filing fee or (b) submit a revised financial affidavit that fully and candidly explains how she supports herself – and, if she receives support from another person, provide a statement of that person's resources and ability to pay the filing fee. The plaintiff is respectfully advised that, if she neither pays the filing fee nor obtains leave to proceed *in forma pauperis*, her case may be dismissed.

        */s/ Thomas O. Farrish*
        Hon. Thomas O. Farrish
        United States Magistrate Judge